Filed 12/18/23  P. v. Brown CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JOHN H. BROWN,<br><br>    Defendant and Appellant. | A167196<br><br>(San Francisco City & County<br>Super. Ct. No. SCN115309) |

John H. Brown is serving a prison sentence of 16 years to life. In 2022, the People moved to resentence him under former Penal Code section 1170.03, now section 1172.1.[1] The People subsequently moved to withdraw the resentencing request. The trial court granted the request to withdraw and then noted that had it not allowed withdrawal it would not have

---

[1] All further statutory references are to the Penal Code. Section 1172.1 was originally enacted as former section 1170, subdivision (d). Thereafter, the recall and resentencing provisions of former section 1170, subdivision (d), were renumbered as former section 1170.03 (Stats. 2021, ch. 719, § 3) and later recodified without substantive change as section 1172.1. (Stats. 2022, ch. 58, § 9.)

1

resentenced Brown because he posed an unreasonable risk to public safety. Brown appeals, arguing the court abused its discretion by denying recall and resentencing because there is no substantial evidence supporting the conclusion that he posed an unreasonable risk to public safety. Because the section 1172.1 proceeding terminated when the court allowed the People to withdraw their resentencing request—a decision Brown does not challenge—we affirm without reaching Brown's contention.

## BACKGROUND

In 1985, a jury convicted Brown of the second degree murder of his girlfriend and found he personally used a deadly weapon in the commission of the murder. The trial court sentenced him to 16 years to life in prison.

In January 2022, the People filed a two-paragraph petition to resentence Brown under former section 1170.03, recommending the trial court recall the sentence and resentence him (petition). Brown submitted a brief and documentation supporting resentencing. The court held multiple hearings over the next year and reviewed the parties' submissions, including Brown's prison file.[2] In February 2022, the victim's daughters testified in opposition to the petition. In May 2022, at the court's request, defense counsel referred Brown for a psychological evaluation with Dr. Douglas Korpi. Dr. Korpi interviewed Brown and reviewed his history, including prior risk assessments, his criminal record, and his prison rule violations. Dr. Korpi concluded Brown was "a man who has been violent with women on

---

[2] Brown's prison file, which the trial court and counsel referred to as the SOMS file and the ERMS file, is not part of the appellate record. However, based on statements made during various hearings in the underlying proceeding, it is clear the file had been provided to, and reviewed by, the court.

2

many prior occasions." Reasoning Brown was 76 years old, could speak with insight about his offense, and no longer had violent ideations, Dr. Korpi determined Brown was "no longer a substantial risk of violently re-offending in the future. His risk, at this point, would appear to be Low."

In September 2022, the People moved to withdraw the petition for resentencing.[3] They asserted the petition was made without information that had since become available, which demonstrated Brown posed an unreasonable risk of danger to public safety. The original petition did not discuss Brown's record while in custody, the merits of a reentry plan, or whether the interests of justice were served by his current sentence. The People expressed concern about "the relationship that [Brown] has had with women historically and the fact that his time in prison does not address his ability to respect and refrain from violence when it comes to women. This element of his rehabilitation has not been tested and creates a risk of violence if he is released." Pointing to Dr. Korpi's evaluation, the People asserted Brown was unable to have healthy, non-violent relationships with women, and his reentry plan depended on his ability to live with his girlfriend, which caused concern, especially if Brown gained access to controlled substances or weapons.

Brown opposed the withdrawal motion, contending the People did not have the authority to stop the recall process once it had been triggered by the filing of the resentencing petition.

---

[3] The resentencing petition was filed by then District Attorney Chesa Boudin. In June 2022, San Francisco voters recalled Boudin; in July 2022, Brooke Jenkins was sworn in as the new district attorney. (*People v. Vaesau* (2023) 94 Cal.App.5th 132, 140 (*Vaesau*).) Jenkins brought the motion to withdraw the resentencing petition.

At a January 2023 hearing, the trial court explained there were two issues: First, whether the People could withdraw the petition. Second, if the People were not allowed to withdraw the petition, the merits of resentencing.

In support of withdrawal, the prosecutor explained the following: There had been a change in circumstance based on Dr. Korpi's evaluation, which the trial court had requested to determine whether Brown posed a risk to public safety. The evaluation demonstrated the risk was too great. The prosecutor also noted the resentencing petition was cursory and did not lay out any basis for the request, and that after reviewing the documents— including Dr. Korpi's evaluation—and the victim's daughters' statements, the People sought to withdraw the petition.

Brown, in reply, argued the People did not have authority to withdraw the petition. Brown contended that Dr. Korpi's evaluation did not constitute a changed circumstance, as he had concluded Brown's violent ideation was gone. Dr. Korpi discussed risk assessments conducted in 2010 and 2016 where the conclusions went from high risk to moderate risk, respectively, and now Dr. Korpi had concluded Brown was probably low risk.

The prosecutor countered that if the trial court did not allow the People to withdraw the petition, Brown should not be resentenced because he posed too great a risk to public safety. Brown contended the presumption in favor of resentencing was supported by Dr. Korpi's evaluation and his documentary submissions.

After hearing argument, the trial court described the history of the resentencing request: The resentencing petition filed in January 2022 "barely covered two pages" and "was the most bare bones of bare bones petitions." In the past, resentencing petitions were brought with informality. The district attorney would file a petition, and then the court and counsel would discuss

4

what materials to gather for the court to make its determination. While acknowledging this sequence was opposite to that contemplated by section 1172.1, the court confirmed that is what occurred here. It recounted the victim's daughters' testimony, describing their fear of Brown's release as "palpable." Immediately after their testimony, the prosecutor advised the court and Brown's counsel there was a problem and the People were not sure they would move forward with the petition. In March, one month after the victim's daughters testified, the People were still determining whether to move forward with the petition. In May, after Dr. Korpi had conducted his evaluation but before he provided his report, the People had still not determined whether to move forward with the petition. In July, a new prosecutor appeared and advised that the People would not move forward with the petition. In September, the People formalized the request by filing the withdrawal motion.

This history, the trial court explained, demonstrated that within one month of filing the petition, the People expressed concerns about moving forward. The court stated the original petition "was ill-considered and there wasn't a robust look into everything that needs to be known about Mr. Brown." There could be a scenario where a withdrawal request was made "for some arbitrary and capricious reason" and the court could refuse to allow the People to withdraw the petition and require a decision on the merits. However, the court did not find that circumstance applicable, instead commenting that it "seemed that there was some rush to get the petition filed," when more facts were gathered "the [People] immediately indicated a reluctance to go forward with the petition[,]" and the People were "still . . . open to" obtaining a new risk assessment.

The trial court concluded the People did not act in bad faith, and it granted the motion to withdraw the resentencing petition. The court explained, "without the People's support of the petition, there's no relief under 1172.1 . . . ." Then the court indicated, in the alternative, that "even if the Court had determined that the People were not allowed to withdraw their petition" it "would not be granting relief" because Brown posed an unreasonable risk to public safety and an unreasonable risk to commit a violent offense as described in the statute.

**DISCUSSION**

Section 1172.1 authorizes the trial court, "upon the recommendation of the . . . district attorney of the county in which the defendant was sentenced" to recall the sentence and "resentence the defendant in the same manner as if they had not previously been sentenced, . . . provided the new sentence, if any, is no greater than the initial sentence." (§ 1172.1, subd. (a)(1).) If a resentencing request is from the district attorney, "[t]here shall be a presumption favoring recall and resentencing of the defendant, which may only be overcome if a court finds the defendant is an unreasonable risk of danger to public safety, as defined in subdivision (c) of Section 1170.18." (*Id.*, subd. (b).)

In *Vaesau*, Division One of this court recently held "that a trial court has discretion, but is not required, to terminate a section 1172.1 proceeding when a district attorney identifies a legitimate basis for withdrawing the resentencing request and moves to withdraw before the court rules on the merits." (*Vaesau, supra*, 94 Cal.App.5th at p. 139.) The *Vaesau* court determined that a district attorney does not possess inherent power to unilaterally terminate the proceedings by withdrawing a resentencing request before a ruling on the merits. (*Id.* at pp. 146–148.) *Vaesau* also

6

concluded "courts are not required to reach the merits of every resentencing request." (*Id*. at p. 148.) Rather, courts retain discretion to grant a request to withdraw a resentencing recommendation made for a legitimate reason. (*Id*. at pp. 151–153.) *Vaesau* recognized there "could be a range of valid reasons to withdraw a request, such as 'administrative mistake or improvidence,' a change in the law, or a 'change in the prisoner's circumstances' making the prisoner 'less deserving of resentencing.' " (*Id*. at p. 152.)

In *Vaesau*, the district attorney did not offer a reason for the withdrawal request, so the court remanded the matter for the trial court to reconsider whether to allow withdrawal. (*Vaesau, supra*, 94 Cal.App.5th at pp. 151–153.) In contrast, the record here demonstrates the trial court considered the basis for the withdrawal request, recognized that the People had identified a legitimate basis for withdrawing the petition, and exercised its discretion to grant the withdrawal.

The court's ruling occurred seven months before *Vaesau* was issued. While the court did not have the benefit of *Vaesau* to appreciate the existence and scope of its discretion, its ruling was precisely the type of exercise of discretion approved by *Vaesau*. Consistent with the principles later articulated in *Vaesau*, the court recognized its inherent authority both to allow the People to withdraw a petition for resentencing and to prevent the People from withdrawing a petition for resentencing, such as in a case where the reasons for withdrawal were arbitrary and capricious, and to issue a decision on the merits. The court also acknowledged the political elephant in the courtroom, i.e, the change of district attorney between the time the petition was filed in January 2022 to the time the People filed the motion to withdraw the petition in September 2022, and properly rejected that circumstance as a legitimate basis upon which to withdraw a petition that

7

was "filed in good faith with support." After articulating the scope of its discretion, the court found that the People had filed a "bare bones" petition in "some rush" and in moving for withdrawal after gathering more information, including hearing from the victim's family and reviewing Dr. Korpi's report, the People did not "shut the matter down for any arbitrary or capricious reasons" or act in bad faith. The court concluded that the People would be allowed to withdraw their support for the petition and denied relief under section 1172.1.

Brown does not challenge the trial court's decision to allow the People to withdraw the petition. He presents no argument in his opening brief that the court erred in granting the People's motion to withdraw the resentencing request, and he makes clear in his reply brief that "the withdrawal of the request is not in issue here." Therefore, Brown has forfeited any challenge to the court's ruling allowing the People to withdraw the resentencing request. (See *People v. Zamudio* (2008) 43 Cal.4th 327, 353–354 [issues not raised in the opening brief on appeal are forfeited].) The section 1172.1 proceeding was thus terminated when the court allowed withdrawal, and there was nothing further the court needed to decide. (See *Vaesau, supra*, 94 Cal.App.5th at p. 151 ["trial court may, but is not required to, allow a district attorney to withdraw a resentencing request before the court reaches the merits, thereby terminating a section 1172.1 proceeding without prejudice"].)

Brown acknowledges that the trial court granted the motion to withdraw the petition, but asserts that the court, by discussing whether it would have recalled the sentence on the merits, "acted in excess of jurisdiction," and that the People are estopped from challenging the ruling on jurisdictional grounds. We disagree with Brown's characterization of the court's analysis of the merits of the petition. The trial court made it clear that

8

it was not denying the petition on the merits, but merely commenting on what it would have ruled "if the Court had determined that the People were not allowed to withdraw their petition." When it concluded, "[T]he Court, although already finding that the People were . . . properly allowed to withdraw the petition, *if still entertaining the petition* would not be granting relief in this case," the court was speaking about the merits hypothetically. (Emphasis added.) Thus the court did not act in excess of its jurisdiction.

That the trial court proceeded to "weigh in on" whether it would recall Brown's sentence if it had not allowed the People to withdraw the petition does not affect its ruling. We can conceive of reasons why the court may have proceeded as it did. Notably, at the time of the hearing, the law was unclear whether a court had discretion to permit the party who initially recommended resentencing to subsequently withdraw its recommendation in circumstances like those here. Authority on the topic of withdrawing a resentencing recommendation existed but was analyzed under vastly different circumstances. In *People v. E.M.* (2022) 85 Cal.App.5th 1075, 1079–1081, the withdrawal request was made more than two years after the initial resentencing recommendation, after the trial court had denied recall of the defendant's sentence, and after the parties had already briefed the merits of the appeal. The request did not cite any change in the circumstances of the defendant's incarceration or provide any objective explanation why the defendant was less deserving of resentencing. (*Id*. at p. 1085.) The *E.M.* court held the withdrawal request did not moot the appeal of the trial court's denial of recall. (*Id*. at p. 1080.) Here, the court discussed *E.M.* at the hearing, finding some of its concepts important, but noting the different circumstances. Because *E.M.* was factually distinct, it is reasonable for the court to adopt a belt-and-suspenders approach and indicate how it *would*

*have* ruled in the event the People were not allowed to withdraw the resentencing recommendation.

Brown asserts a single argument on appeal—the trial court abused its discretion in denying recall and resentencing because, in his view, there is insufficient evidence supporting the conclusion that he poses an unreasonable risk of danger to public safety. That is, Brown only challenges the court's alleged decision on the merits of the resentencing request. Because the section 1172.1 proceeding terminated when the court granted the People's motion to withdraw the resentencing request—a ruling Brown does not appeal—we do not reach Brown's contention.

## DISPOSITION

The trial court's order granting the People's motion to withdraw the resentencing petition is affirmed.

HIRAMOTO, J.*

WE CONCUR:

BROWN, P. J.
STREETER, J.

*People v. Brown* (A167196)

---

* Judge of the Superior Court of California, County of Contra Costa, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.